Mr. Chief Justice Sharkey
delivered the opinion of the court.
The judgment to reverse which this writ of error is prosecuted was rendered in the circuit court of Claiborne county against the plaintiff in error as garnishee in attachment. There are several errors in the record, and if they are not beyond the reach of this court in the present shape of the proceeding, the judgment must be reversed. The counsel for the defendants in error has admitted that the errors exist, but insists thaf they are unavailable to the plaintiff, as they are only to be found in the proceeding by attachment against the original debtor, Anne M’Causland.
I do not think it will be necessary to extend the investigation beyond the judgment against Berry as garnishee, although such an investigation would probably be proper if the case should require it. The judgment against the garnishee is based on the proceeding in attachment, and if that proceeding be void for irregularity it could not support a judgment against him, and it would be his duty to see that the requisites of the law had been complied with, otherwise a payment by him would not be a protection against his original creditor. Oldham, use of Coke, v. Ledbetter, decided July term, 1834. The proceeding in an attachment, under this rule, must sustain a relation to the judgment against the garnishee, similar to that which the pleadings bear to the judgment in an ordinary suit, and may be referred to for the purpose of ascertaining what judgment should have been rendered.
Several errors are assigned, but it will be unnecessary to notice, any which do not relate to the judgment against Berry. By reference to the note it appears that it was not due when the attachment was sued out, nor when judgment was rendered, and the statute does not in such cases authorise an execution against the garnishee until the maturity of the debt... Although the party was entitled to his judgment, yet it should be accompanied by an order for stay of execution. In this case the judgment is uncon *653 ditional and. might hare been enforced immediately for any thing that appears on the record. This is, perhaps, not strictly an error in the judgment itself, yet the court would not he authorised to give judgment except on condition of the stay of execution, and the judgment without it, was therefore irregular. Revised Code, 165. 20.
It is also assigned as error that after the judgment there was no bond given to restore the goods and chattels, or the value, in case the person whose goods were attached should within a year and a day appear and disprove, or avoid the debt, as the 26'th section of the law requires. Although that objection would he valid if presented by the facts in the case, yet it can only be regarded as interposing an impediment to the collection by execution, as no such bond is required until after execution awarded.
The last assignment is that the judgment is uncertain, being for an indefinite sum, and this objection I think is well taken. The amount' claimed by the attachment is 70 dollars 84 cents, and Berry answered that he was indebted to Anne M’Causland in the sum of 98 dollars 37 cents. The judgment is in these words: “ Whereupon ordered by the court that judgment final by default be entered against the said Berry for the amount of. his answer, or so much thereof as will satisfy the plaintiff’s debt and costs, and that the plaintiff have execution for the same.'” This, in truth, is no judgment at all. From the language used it would seem to be a mere order of the court for the entry of judgment. There was certainly no pretext for ‘a default; the garnishee had answered, and was not in default. It bears strong evidences of that clerical inaccuracy which has lately so abundantly flowed in upon us from all parts of the state. But even if we consider it in its most favorable aspect it is not such a judgment as could be sustained. It is not for a specific sum.. Nor is there any thing referred to by which it would be rendered certain. There was an order that judgment be entered against Berry-for the amount of his answer, or so much thereof as would satisfy the plaintiff’s debt and costs. „He answered that he owed 98 dollars, 37 cents, and the plaintiff’s debt is 70 dollars, 84 cents. *654 This was as much a judgment for the one amount as the other, and being equally applicable to both, and uncertain as to which was meant, it was not good for either. That an opportunity may be given the parties to amend if they can do so,
The judgment will be set aside, and cause remanded.